UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FENG CHEN, et al.,

                Plaintiffs,

- against -

BEST WINGERS LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

16-CV-1130 (AT) (RLE)

RONALD L. ELLIS, United States Magistrate Judge:

## I.    INTRODUCTION

On February 15, 2016, Plaintiffs commenced this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (Doc. No. 1.) The case was referred to the undersigned by the Honorable Analisa Torres on August 15, 2016, for general pretrial. (Doc. No. 25.) Before the Court is Plaintiffs' motion to file a Second Amended Complaint to substitute fictitious entities and individuals with their real identities. (Doc. No. 24.) Plaintiffs intend to move for default judgment, but point out that judgment cannot be entered against fictitious entities. (*Id.* at 2.)

Plaintiffs filed an Amended Complaint as a matter of course on February 17, 2016. Listed as Defendants were: 1) Best Wingers LLC d/b/a Best Wingers ("Best Wingers"); 2) XYZ Corporation d/b/a/ Best Wingers; and 3) Amgad Elhossieni ("Elhossieni"), John Doe, and Jane Doe as shareholders and corporate officers. (Doc. No. 5.) On February 28, 2016, Plaintiffs filed an Affidavit of Service, which stated that an answer was due March 16, 2016. (Doc. No. 14.) Best Wingers was served on February 24, 2016, and service was accepted by a manager who refused to provide her name. (Doc. No. 15.) A certificate of default was entered on July 19, 2016, upon

application to the Court. (Doc. No. 21.) For the reasons that follow, Plaintiffs motion to file a Second Amended Complaint is **GRANTED**.

## II. DISCUSSION

A party may amend its pleading once as a matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading, or after service of a motion under Federal Rules of Civil Procedure 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). Otherwise, a party may amend its pleading with the opposing Party's written consent, or upon leave of the court. FED. R. CIV. P. 15(a)(2). Generally, leave of court to amend pleadings should be freely given "when justice so requires." *Id*; *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs argue for the substitution of new parties under Rule 21, which states that "on motion or on its own, the court may at any time ... add or drop a party." FED. R. CIV. P. 21. The standard for adding parties under Rule 21, however, is the same as that required under Rule 15(a). *Velez v. Fogarty*, No. 06-CV-13196 (LAK) (HBP), 2008 WL 5062601, at *3 (S.D.N.Y. Nov. 20, 2008) (citing *Banco Central Del Paraguay v. Paraguay Humanitarian Found., Inc.*, 01-CV-9645 (JFK) (FM), 2003 WL 21543543, at *2 (S.D.N.Y. July 8, 2003)). "The same standard of liberality applies under either rule." *Id* (citing *Clarke v. Fonix Corp.*, 98-CV-6116 (RPP), 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999), *aff'd*, 199 F.3d 1321 (2d Cir. 1999)).

An amendment to a pleading relates back to the date of the original pleadings when the amendment changes the naming of the party against whom a claim is asserted. FED. R. CIV. P. 15(c)(1)(C). The rule requires that "the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (internal citations omitted). The party to be brought in must also have received notice within 120 days after the filing of the complaint so that it will not be prejudiced in defending the case on the merits. *Charlot v. Echolab, Inc.*, 97 F. Supp. 3d 40, 56 (E.D.N.Y. 2015); *see also* Fed. R. Civ. P. 15(c)(1)(C)(i).

Plaintiffs assert that counsel tried to contact Defendants by calling the restaurant, Best Wingers, on multiple occasions after filing the Complaint. On July 26, 2016, counsel spoke to someone who claimed to be the owner of Best Wingers. (Doc. No. 24 at 1.) According to counsel, the alleged owner informed him that "he and his corporation had nothing to do with this case because the lawsuit did not name him and his corporation as defendants." (*Id.*) Upon further investigation, Plaintiffs' counsel identified the owner and operator as an individual named Kunj Patel ("Patel"). (*Id.* at 2.) Counsel identified Patel's corporation as "East Wingers, Inc." ("East Wingers"), doing business as Best Wingers. It is Plaintiffs' belief that Elhossieni, a named Defendant, owned and operated a restaurant called "B. Wingers, Inc." ("B. Wingers") which was the predecessor of Patel and East Wingers. Plaintiffs seek to substitute the fictitious parties with: 1) Patel; 2) East Wingers, and 3) B. Wingers, Inc. d/b/a Best Wingers.

The Court finds that none of the factors weighing against amending the Complaint are present in this case because the Defendants have failed to appear. *See State Teachers Retirement Board*, 654 F.2d at 856. Defendants will not suffer prejudice because if they appear, they will be able to assert any defenses in an Answer. The proposed amendment was not brought with undue

delay. Plaintiffs moved to amend the Complaint less than a month after a certificate of default had been entered, and after speaking to someone at the restaurant on July 26, 2016. It is also not futile; Plaintiffs intend to move for default judgment and cannot do so against unknown parties.

Patel and East Wingers either knew or should have known that this action would have been brought against them based on their relationship to the named Defendants. At the very least, Patel owns an entity that is a successor to an entity run by Elhossieni, a Party to this action. Similarly, Elhossieni is the alleged owner and operator of B. Wingers. If his status as an owner is accurate, B. Wingers should have known that it would have been a named Party but for a mistake in identity. By virtue of having not yet filed an answer, the notice requirement set forth in *Charlot*, 97 F. Supp. 3d at 56, is satisfied because Defendants will not be prejudiced in defending this case on the merits. Plaintiffs therefore have leave of Court to file a Second Amended Complaint substituting the names of the fictitious Defendants.

### III.   CONCLUSION

For the reasons, set forth above, Plaintiffs motion to amend is **GRANTED**. Consistent with Judge Torres's order dated July 26, 2016, Plaintiffs may move for default judgment pursuant to Judge Torres's Individual Practices by **October 24, 2016**. Any extensions of time must be submitted to the undersigned. This resolves Doc. No. 24.

**SO ORDERED this 29th day of August 2016.**
New York, New York

*/s/ Ronald Ellis*
The Honorable Ronald L. Ellis
United States Magistrate Judge