David Yan (DY2343)
Law Offices of David Yan
136-20 38th Avenue, Suite 11E
Flushing, NY 11354
Tel.:  (718) 888-7788

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X
**FENG CHEN, DONG CHEN, CHENG LI, and**
**CHANGXING LI, individually and on behalf of all**
**others similarly situated,**

                                        Plaintiffs,

                v.

**KUNJ PATEL, AMGAD ELHOSSIENI,**
**EAST WINGERS INC. d/b/a BEST WINGERS,**
**BEST WINGERS LLC. d/b/a BEST WINGERS,**
**B. WINGERS, INC. d/b/a BEST WINGERS,**

                                        Defendants.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

Case No.:  1:16-cv-01130-AT-RLE
Date Filed: 2/15/2016
Hon. Judge Analisa Torres
Hon. Mag. Judge Ronald L. Ellis

**SECOND AMENDED**
**COMPLAINT**

**FLSA COLLECTIVE ACTION**

ECF

JURY TRIAL DEMANDED

        Plaintiffs, FENG CHEN, DONG CHEN, CHENG LI, and CHANGXING LI (hereinafter

referred to collectively as "**Plaintiffs**"), on behalf of themselves and other similarly situated

employees, *by and through their undersigned counsel*, DAVID YAN, ESQUIRE, file this

Complaint against defendants, KUNJ PATEL, AMGAD ELHOSSIENI, EAST WINGERS INC.

d/b/a BEST WINGERS, BEST WINGERS LLC. d/b/a BEST WINGERS, B. WINGERS, INC.

d/b/a BEST WINGERS (hereinafter sometimes referred to collectively as "**Defendants**"), and

state as follows:

        1.        Plaintiffs alleges that, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants:  (1) unpaid

minimum wages, (2) unpaid overtime wages, (3) unpaid "out-of-pocket" costs and expenses of

purchasing, maintaining, repairing and keeping the Plaintiffs' bicycles / electric bicycles or any other trade tools in working conditions for the sole benefit of the Defendants, (4) liquidated damages, (5) post-judgment interest, and (6) costs, expenses, and attorneys' fees.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR"), the Wage Theft Prevention Act, and the orders of the New York Commissioner of Labor ("spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. §§ 142-2.2, 2.4), they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours", (4) up to five thousand dollars ($5,000.00) per Plaintiff for the Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a pay stub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and the net wages for each pay day, (6) unpaid "out-of-pocket" costs and expenses of purchasing, maintaining, repairing and keeping the Plaintiffs' bicycles / electric bicycles or any other trade tools in working conditions for the sole benefit of the Defendants, (7) liquidated damages and/or civil penalties equal to the percentage of the sum of unpaid minimum wages, unpaid overtime wages, and unpaid "spread of hours" premium, in the amount of twenty five percent under the NYLL §§ 190 *et seq.,* §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under New York Wage Theft Prevention Act, (8) prejudgment and post-judgment interest, and (9) costs, expenses, and attorneys' fees.

3.      Plaintiffs now bring this action on behalf of themselves and other similarly situated individuals for the relief stated above.

4.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343.

6.      This Court has supplemental jurisdiction over this controversy pursuant to 28 U.S.C. § 1367(a), as they are so related in this action within such original federal question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct businesses in this judicial District, and a substantial parts of the acts and/or omissions giving rise to the claims herein alleged occurred in this judicial District.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiffs

9.      Plaintiffs are former employees of Defendants, KUNJ PATEL, AMGAD ELHOSSIENI, EAST WINGERS INC. d/b/a BEST WINGERS, BEST WINGERS LLC. d/b/a

BEST WINGERS, B. WINGERS, INC. d/b/a BEST WINGERS and their restaurants located at 711 Second Avenue, New York, New York 10016 (the "Defendants").

10.     Throughout the course of their employment, Plaintiffs regularly worked more than at least 60 hours each week during the non-baseball seasons and 72 hours each week during baseball seasons for wages that fell below the legal minimum wage and without receiving the overtime premiums required by law.

11.     Plaintiff Feng CHEN was employed as a delivery person by the Defendants at their Best Wingers restaurant located at 711 Second Avenue, New York, New York 10016 from approximately March 3, 2007 until January 20, 2016.  During his employment with defendants, he worked five days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during non-baseball seasons, and then he worked six days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during baseball seasons.  He was paid $50.00 cash a day during his employment with Defendants.  He was paid weekly in cash.  He did not have the break during this work day, except for the meal for less than 10 minutes once a day (which was not guaranteed and was skipped frequently).  During his work day, he had to do side work continuously in addition to his delivery work.

12.     Plaintiff Dong CHEN was employed as a delivery person by the Defendants at their Best Wingers restaurant located at 711 Second Avenue, New York, New York 10016 from approximately October 14, 2013 until January 20, 2016.   During his employment with defendants, he worked five days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during non-baseball seasons, and then he worked six days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during baseball seasons.  He was paid $50.00 cash a day during his employment with Defendants.

He was paid weekly in cash.  He did not have the break during this work day, except for the meal for less than 10 minutes once a day (which was not guaranteed and was skipped frequently). During his work day, he had to do side work continuously in addition to his delivery work.

13.    Plaintiff Cheng LI was employed as a delivery person by the Defendants at their Best Wingers restaurant located at 711 Second Avenue, New York, New York 10016 from approximately July 19, 2015 until January 20, 2016.  During his employment with defendants, he worked five days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during non-baseball seasons, and then he worked six days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during baseball seasons.  He was paid $50.00 cash a day during his employment with Defendants.  He was paid weekly in cash.  He did not have the break during this work day, except for the meal for less than 10 minutes once a day (which was not guaranteed and was skipped frequently).  During his work day, he had to do side work continuously in addition to his delivery work.

14.    Plaintiff Changxing LI was employed as a delivery person by the Defendants at their Best Wingers restaurant located at 711 Second Avenue, New York, New York 10016 from approximately August 25, 2015 until January 20, 2016.  During his employment with defendants, he worked five days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during non-baseball seasons, and then he worked six days a week for twelve hours a day from 11:00 o'clock in the morning until 11:00 o'clock at night during baseball seasons.  He was paid $50.00 cash a day during his employment with Defendants.  He was paid weekly in cash.  He did not have the break during this work day, except for the meal for less than 10 minutes once a day (which was not guaranteed and was skipped frequently).  During his work day, he had to do side work continuously in addition to his delivery work.

**Defendants**

15.     Upon information and belief, defendant KUNJ PATEL is the owner, shareholder, officer, director and/or managing agent of corporate defendant EAST WINGERS INC. d/b/a BEST WINGERS and its restaurant located at 711 Second Avenue, New York, New York 10016, owns controlling stock interests of corporate defendant EAST WINGERS INC. d/b/a BEST WINGERS and its restaurant, has actively participated and continues to actively participate in the day-to-day operations of corporate defendant EAST WINGERS INC. d/b/a BEST WINGERS and its restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203d and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendants.  Defendant KUNJ PATEL is sued individually in his capacity as an employer.

16.     Upon information and belief, at all relevant times, defendant KUNJ PATEL exercised substantial control over the functions of the corporate defendant EAST WINGERS INC. d/b/a BEST WINGERS and its restaurant, managed and made all business decisions including but not limited to have the power to hire and fire Plaintiffs who worked or still are working for corporate defendant EAST WINGERS INC. d/b/a BEST WINGERS and its restaurant, control the Plaintiffs' terms and conditions of employment, supervise the Plaintiffs' work, maintain employment records and determine the rate and method of any compensation paid to Plaintiffs and the number of hours that Plaintiffs would work, is an employer pursuant to the FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Defendants.

17.     Upon information and belief, defendant AMGAD ELHOSSIENI is the owner, shareholder, officer, director and/or managing agent of corporate defendants BEST WINGERS

LLC. d/b/a BEST WINGERS, and B. WINGERS, INC. d/b/a BEST WINGERS located at 711 Second Avenue, New York, New York 10016, owns controlling membership interests or stock interests of corporate defendants BEST WINGERS LLC. d/b/a BEST WINGERS, and B. WINGERS, INC. d/b/a BEST WINGERS, has actively participated and continues to actively participate in the day-to-day operations of corporate defendants BEST WINGERS LLC. d/b/a BEST WINGERS, and B. WINGERS, INC. d/b/a BEST WINGERS and their restaurant, has acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203d and Regulations promulgated hereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendants.  Defendant AMGAD ELHOSSIENI is sued individually in his capacity as an employer.

18.    Upon information and belief, at all relevant times, defendant AMGAD ELHOSSIENI exercised substantial control over the functions of defendants BEST WINGERS LLC. d/b/a BEST WINGERS, and B. WINGERS, INC. d/b/a BEST WINGERS and their restaurant, managed and made all business decisions including but not limited to have the power to hire and fire Plaintiffs who worked or still are working for defendants BEST WINGERS LLC. d/b/a BEST WINGERS, and B. WINGERS, INC. d/b/a BEST WINGERS and their restaurant, control the Plaintiffs' terms and conditions of employment, supervise the Plaintiffs' work, maintain employment records and determine the rate and method of any compensation paid to Plaintiffs and the number of hours that Plaintiffs would work, is an employer pursuant to the FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Defendants.

19.    Upon information and belief, Defendant EAST WINGERS INC. d/b/a BEST WINGERS is a domestic business corporation, organized and existing under the laws of the State

of New York on July 29, 2015 and with a principal place of business located at 711 Second Avenue, New York, New York 10016.

20.     Upon information and belief, Defendant BEST WINGERS LLC. d/b/a BEST WINGERS is a domestic limited liability company, organized and existing under the laws of the State of New York on March 2, 2011 and with a principal place of business located at 711 Second Avenue, New York, New York 10016.

21.     Upon information and belief, Defendant B. WINGERS, INC. d/b/a BEST WINGERS is a domestic business corporation, organized and existing under the laws of the State of New York on June 3, 2005 and with a principal place of business located at 711 Second Avenue, New York, New York 10016.

22.     Upon information and belief, defendant KUNJ PATEL used his corporation EAST WINGERS INC. to purchase the entire restaurant businesses and assets from BEST WINGERS LLC. d/b/a BEST WINGERS, and/or B. WINGERS, INC. d/b/a BEST WINGERS owned by AMGAD ELHOSSIENI and located at 711 Second Avenue, New York, New York 10016 in or about July, 2015.

23.     Upon information and belief, defendant AMGAD ELHOSSIENI transferred his entire restaurant businesses and assets from his wholly owned corporation B. WINGERS, INC. located at 711 Second Avenue, New York, New York 10016 to his wholly owned limited liability company, BEST WINGERS LLC. d/b/a BEST WINGERS, in or about March, 2011 to avoid any potential liability.

24.     Defendants AMGAD ELHOSSIENI and BEST WINGERS LLC. were sued by one of their delivery employees on November 27, 2013 for violating the FLSA and NYLL under the docket number of 1:13-cv-08511-MHD.  This lawsuit was settled on June 20, 2014.

8

25.     Defendants AMGAD ELHOSSIENI and BEST WINGERS LLC. then sold their entire restaurant businesses and assets to defendants KUNJ PATEL and his wholly owned corporation EAST WINGERS INC. in or about July, 2015 to avoid liability, not as part of a bona fide transaction.

26.     Defendants KUNJ PATEL and his wholly owned corporation EAST WINGERS INC. d/b/a BEST WINGERS knew and should have known of their potential liability under the FLSA and NYLL to their employees in advance of the sale mentioned above in or about July, 2015.

27.     After defendants KUNJ PATEL and his wholly owned corporation EAST WINGERS INC. d/b/a BEST WINGERS took over the entire restaurant businesses and assets from defendants AMGAD ELHOSSIENI and BEST WINGERS LLC., defendants KUNJ PATEL and his wholly owned corporation EAST WINGERS INC. d/b/a BEST WINGERS have continued to operate the restaurant businesses in the same location, employ same delivery persons (the Plaintiffs herein), use same kitchen equipment, offer the same menu and then substantially similar menu as predecessors, and use a same website and pages holding themselves out as same name as predecessors.

28.     Actually, defendants KUNJ PATEL and his wholly owned corporation EAST WINGERS INC. hold themselves out as doing businesses as "Best Wingers" since 1995 and sold millions of wings.[1]

29.     There is substantial continuity in the operation of the Defendants' restaurants.

---

[1] Defendants use the same website, <www.BestWingers.com>.  Website <http://www.bestwingers.com/AboutUs.tpl?cart=146955842721186700> shows that, "At Best Wingers we've provided quality food & service to the surrounding community since 1995. Since then we've sold millions of wings and our customers come back time and again."

30.     Defendants KUNJ PATEL and EAST WINGERS INC. d/b/a BEST WINGERS are liable to Plaintiffs during the Plaintiffs' entire period of employment with all Defendants due to the successor liability.

31.     Upon information and belief, at all relevant times, each of the defendant KUNJ PATEL, AMGAD ELHOSSIENI, EAST WINGERS INC. d/b/a BEST WINGERS, BEST WINGERS LLC. d/b/a BEST WINGERS, B. WINGERS, INC. d/b/a BEST WINGERS, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that they (i) have had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual gross volume of sales of not less than $500,000.00.

32.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by the Defendants.

33.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for all hours worked, minimum wages, overtime compensation and spread-of-hour premiums, failed to post the required Notice of Pay, to provide employees with pay stubs, and to keep accurate time records in direct contravention of the FLSA, New York Labor Law, and the Wage Theft Prevention Act of New York State.

34.     Plaintiffs have satisfied all conditions precedent to the institution of this action and/or such conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring this action individually and as class representative on behalf of themselves and all other current and former non-exempt employees who have been or were

employed by Defendants since 2010 to the entry of judgment in this case (the "Collective Action Period"), and who where compensated at rates less than the statutory minimum wage or at rates less than time and one-half for all hours worked in excess of forty (40) hours per work week (the "Collective Action Members").

36.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than ten (10) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because defendants have failed to provide the statutory required notices under the FLSA and the NYLL to them, these Collective Action Members lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

37.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

38.     This action should be certified as a collective action because the prosecution of separate action by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

39.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

40.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41.     Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF FACTS

42.     Defendant KUNJ PATEL owns and operates EAST WINGERS INC. d/b/a BEST WINGERS and its restaurant located at 711 Second Avenue, New York, New York 10016.

43.     Defendant AMGAD ELHOSSIENI owned and operated BEST WINGERS LLC. d/b/a BEST WINGERS and B. WINGERS, INC. d/b/a BEST WINGERS and their restaurant located at 711 Second Avenue, New York, New York 10016

44.     The Defendants' restaurant serves food to customers on the premises and provide take-out and delivery service.

45.     The Defendants' restaurant is "restaurant" within the meaning of the New York Labor Law.

46.     Upon information and belief, at all relevant times, and during the course of the employment of the Plaintiffs and the Collective Action Members, Defendants failed to maintain complete and accurate time records.

47.     Upon information and belief, at all relevant times, and during the course of the employment of the Plaintiffs and the Collective Action Members, Defendants knowingly and willfully manipulated time records.

48.     Plaintiffs and Collective Action Members were each employed at the Defendants' restaurant at various times over the last 6 years.

49.     Upon information and belief, at all times relevant to this action, Defendants were employers of Plaintiffs and Collective Action Members within the meaning of the FLSA and the NYLL, 29 U.S.C. § 203(d); N. Y. Lab. Law §§ 2(6); 190(3); 651(6).

50.     Upon information and belief, at all times relevant to this action, Plaintiffs and Collective Action Members have each been employed at the Defendants' restaurant and were Defendants' employees within the meaning of the FLSA and the NYLL.  29 U.S.C. § 203(e); N. Y. Lab. Law § 651(5).

51.     Plaintiffs and Collective Action Members held the position of delivery person while employed by Defendants.  The Plaintiffs and Collective Action Members' primary task was to deliver food from the restaurant premises to locations off the premises, such as customers' homes and places of business.  When not delivering food, Plaintiffs and Collective Action Members were given secondary tasks or side works such as moving and unpacking goods delivered to the restaurant, filling supplies to the shelves, filling beverages to the shelves and refrigerators, preparing source packages, and/or cleaning window glasses, tables and mopping the floor.

52.     Defendants knew that the nonpayment of minimum wage, overtime pay, and spread of hours pay would financially injure Plaintiffs and similarly situated employees and violate the FLSA and the NYLL and the NYS Wage Theft and Prevention Act.

53.     Defendants failed to keep complete and accurate time records, to post the required Notice of Pay, to provide a Time of Hire Notice detailing rates of pay and payday, and to provide pay stubs to Plaintiffs and similarly situated employees.

54.     Plaintiffs and similarly situated employees have never received notification from Defendants that Defendants are taking tip credits towards the minimum wage and overtime compensation paid to Plaintiffs.

55.     Plaintiffs and similarly situated employees were required to commit substantial part of their work day in non-tipped work.

56.     Upon information and belief, the non-tipped work of the Plaintiffs and similarly situated employees exceeds two hours or twenty percent (20%) of their workday.

57.     Defendants failed to post the required United States Department of Labor and New York State Department of Labor posters regarding pay rates, overtime pay, tip credit, and pay day.

58.     Upon information and belief, at all relevant times, Defendants failed to keep complete and accurate time records of the hours and wages of the Plaintiffs and similarly situated employees in order to avoid liability for their wage violations.

59.     Upon information and belief, at all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in their primary language (Chinese) reflecting true rates of pay and paydays as well as pay stubs that lists employee's name, employer's name, employer's address and

telephone number, employee's rate or rates of pay, and deductions made from the employee's wages, and allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by the NYLL § 195(1).

60.     Defendants knew that the nonpayment of overtime compensation for every week and nonpayment of the New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

**Minimum Wage**

61.     Both the FLSA and New York State Labor Law require that employees be paid a minimum wage.  29 U.S.C. § 206; N.Y.Lab. Law § 652.

62.     Plaintiffs and Collective Action Members regularly worked for Defendants five days a week during non-baseball seasons or six days a week during baseball seasons during most or all of their employment.

63.     Plaintiffs and Collective Action Members received wages of approximately $50.00 a day paid in the weekly basis from Defendants, excluding tips.

64.     At all times relevant to this action, Defendants did not have a time clock that recorded the exact amount of time Plaintiffs and Collective Action Members worked.

65.     At all times relevant to this action, Defendants compensated many or all Plaintiffs and Collective Action Members by paying them cash on a weekly basis.

66.     At all times relevant to this action, many Plaintiffs and Collective Action Members received their wages in cash.

67.     Defendants did not notify Plaintiffs and Collective Action Members of the minimum wage provisions of the FLSA.

68.     Defendants did not notify Plaintiffs and Collective Action Members of the FLSA tip credit provisions.  Defendants did not notify Plaintiffs and Collective Action Members of Defendants' intention to claim a tip credit against their minimum wage obligations.  Therefore, Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs and Collective Action Members.

69.     The weekly cash payments by Defendants to Plaintiffs and Collective Action Members were insufficient to satisfy Defendants' obligation to pay the minimum wage required by the FLSA.  The salary effectively resulted in an hourly wage that was below the required minimum wages.

70.     The weekly wages by Defendants to Plaintiffs and Collective Action Members was insufficient to satisfy Defendants' obligation to pay the minimum wage required by the New York Labor Law.

<u>**Overtime**</u>

71.     The FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week.  29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

72.     Plaintiffs and Collective Action Members regularly worked over sixty hours (60) each week during non-baseball seasons and worked over seventy-two hours (72) during baseball seasons during most or all of their employment with Defendants.

73.     Despite the fact that Plaintiffs and Collective Action Members regularly worked in excess of forty hours a week, Defendants failed to pay Plaintiffs and Collective Action Members overtime compensation as required by both the FLSA and New York Labor Law.

16

**Spread of Hours**

74.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day.  12 N.Y.C.R.R. § 137-3.11.  New York State Labor Regulation § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten.  *Id.* at § 137-1.7.

75.     Plaintiffs and Collective Action Members routinely worked a "spread of hours" greater than ten hours per day.

76.     Despite the fact that Plaintiffs and Collective Action Members routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiffs and Collective Action Members any additional compensation as required by New York State regulations.

**Lack of Reimbursement**

77.     The FLSA and New York Labor Law prohibit employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to their employers.  29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 531.35; 12 N.Y.C.R.R. § 137-2.5(b).

78.     Defendants required Plaintiffs and Collective Action Members worked as deliverymen to use and maintain bicycles or electric bicycles to make deliveries for the benefit of Defendants' businesses during their course of employment with the Defendants.

79.     All Plaintiffs and Collective Action Members worked as deliverymen as a result of irreparable damage or robbery or accident, had to fully replace their bicycles or electric bicycles on multiple occasions.

80.     Upon information and belief, the electric bicycle cost around one thousand four hundred twenty dollars ($1,420.00) and has a two year life span.

81.     Upon information and belief, the electric bicycle battery cost around four hundred and fifty dollars ($450.00) and has a six month life span.

82.     Upon information and belief, the maintenance and accessories cost of a normal bicycle is around five hundred to six hundred dollars ($500.00 to 600.00) per year.

83.     Defendants never supplied Plaintiffs and Collective Action Members worked as deliverymen with bicycles or electric bicycles, nor did they reimburse those Plaintiffs and Collective Action Members for any purchase, maintenance, repair or replacement costs according to state and federal labor laws.

<u>**Failure to Post the Notices Required by Law**</u>

84.     The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined.  29 U.S.C. § 203(m).  The FLSA and New York Labor Law also requires an employer to maintain in the workplace a display containing notices in Chinese language of employees' right to receive the minimum wage and overtime rate of one-and-a-half times their regular rate.  29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.

85.     During the time that Plaintiffs and Collective Action Members were employed by Defendants, Defendants did not maintain in the workplace a display containing notices in Chinese language of employees' right to receive the minimum wage and overtime payment at a rate of one-and-a-half times their regular rate.

86.     Additionally, Defendants failed to display a copy of §§ 193 and 196-d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law.  N.Y.Lab. Law § 198-d.

87.     Finally, Defendants failed to keep full and accurate, and to certain extent manipulated, records of Plaintiffs and Collective Action Members' hours and wages in violation of the FLSA and New York Labor Law.  29 U.S.C. § 211(c); N.Y.Lab. Law § 661.

### Knowing and Intentional Acts

88.     At all relevant times, Defendants knowingly, intentionally and willfully committed the acts alleged herein.

89.     At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying either the FLSA overtime rate (of time and one half) or the New York State overtime rate (of time and one-half) to Plaintiffs and Collective Action Members for work performed over forty (40) hours in a work week.

90.     At all relevant times, Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs and Collective Action Members.

91.     At all relevant times, Defendants knowingly and intentionally took unlawful deductions from Plaintiffs and Collective Action Members and knowingly and intentionally required Plaintiffs and Collective Action Members to provide and maintain tools of the trade.

### STATEMENT OF CLAIMS

### COUNT 1

**[Claim for Minimum Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]**

92.     Plaintiffs and Collective Action Members reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

93.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiffs and Collective Action Members' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

94.     At all relevant times, upon information and belief, Defendants were and continue to be the Plaintiffs and Collective Action Members' employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

95.     Plaintiffs and Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

96.     Plaintiffs and Collective Action Members are entitled to be paid at the rate of minimum wages for their hours worked at and within 40 hours per week.

97.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and Collective Action Members the applicable federal minimum wages for each hour worked, in violation of 29 U.S.C. § 206(a).

98.     At all relevant times, upon information and belief, Defendants had a policy and practice of refusing to pay minimum wages at the applicable federal statutory rate of time to Plaintiffs and Collective Action Members.

99.     At all relevant times, Defendants are not entitled to take tip credit against the Plaintiffs' minimum wage rate due to the Defendants' violations of the NYLL and supporting regulations require employers to notify employees of their intent to apply a tip credit and post a notice conspicuously explaining the employment laws' requirements.  12 N.Y.C.R.R. §§ 142-2.8; and 146-2.1, 2.2.

100.     At all relevant times, Defendants willfully failed and intentionally failed to post the notices required by the NYLL informing Plaintiffs of the requirements of the employment law, or provided information about employment laws' requirements in other forms to Plaintiffs. 12 N.Y.C.R.R. § 142-2.8.

101.     At all relevant times, Defendants willfully failed and intentionally failed to notify Plaintiffs of their intent to apply a tip credit.  12 N.Y.C.R.R. §§ 146-2.1, 2.2.

102.     Defendants also willfully required Plaintiffs and Collective Action Members to provide bicycles and/or electric bicycles for the Plaintiffs' work for the benefits of the Defendants' businesses.  The cost of providing these tools further reduced the Plaintiffs' wages below the applicable federal minimum hourly wage in violation of the FLSA, 29 U.S.C. § 206(a), and applicable regulations, specifically 29 C.F.R. § 531.35.

103.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

104.     Upon information and belief, Defendants failed to make, keep, and preserve records and even manipulate time records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

105.     Alternatively, records, if any, concerning the number of hours worked by Plaintiffs and Collective Action Members and the actual compensation paid to Plaintiffs are in the possession and custody of Defendants.  Plaintiffs and Collective Action Members intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

106.    Due to the Defendants' FLSA violations, Plaintiffs and Collective Action Members are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the minimum wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs and Collective Action Members are entitled to the equal amount of the unpaid minimum wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

107.    Plaintiffs and Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 2

### [Claim for Minimum Wages under the New York Labor Law]

108.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

109.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3), and 651(6).

110.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5) and 651(5).

111.    Defendants willfully failed to record, credit, or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652 and applicable regulations.

112.    At all relevant times, Defendants are not entitled to take tip credit against the Plaintiffs' minimum wage rate due to the Defendants' violations of the NYLL and supporting regulations require employers to notify employees of their intent to apply a tip credit and post a

notice conspicuously explaining the employment laws' requirements.  12 N.Y.C.R.R. §§ 142-2.8; and 146-2.1, 2.2.

113.    At all relevant times, Defendants willfully failed and intentionally failed to post the notices required by the NYLL informing Plaintiffs of the requirements of the employment law, or provided information about employment laws' requirements in other forms to Plaintiffs. 12 N.Y.C.R.R. § 142-2.8.

114.    At all relevant times, Defendants willfully failed and intentionally failed to notify Plaintiffs of their intent to apply a tip credit.  12 N.Y.C.R.R. §§ 146-2.1, 2.2.

115.    Upon information and belief, at all relevant time, Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Labor Regulations 12 N.Y.C.R.R. § 146-2.1.

116.    At all relevant times, Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

117.    Defendants also willfully required Plaintiffs to provide bicycles/electric bicycles for their work and pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. § 137-2.5.  The costs and expenses paid by these Plaintiffs further reduced the hourly wages that they were paid.

118.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

119.    Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

120.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

121.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the minimum wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

122.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 3

### [Claim for Overtime Wages under the FLSA, 29 U.S.C. §§ 201, *et seq.*]

123.    Plaintiffs and Collective Action Members reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

124.    Throughout the statute of limitations period covered by these claims, Plaintiffs and Collective Action Members regularly worked in excess of forty (40) hours per workweek.

125.    At all relevant times, upon information and belief, Defendants had a policy and practice of willfully failing and refusing to pay Plaintiffs and Collective Action Members one and one-half times of their regular rate of pay or, at a minimum, the minimum wages to which Plaintiffs and Collective Action Members were entitled under 29 U.S.C. § 206(a), for work in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

126.    At all relevant times, upon information and belief, Defendants failed to make, keep, and preserve records as required by the FLSA, and even manipulate time records in violation of the FLSA, even though Plaintiffs and Collective Action Members have been and are entitled to overtime.

127.    At all relevant time, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and Collective Action Members at the required overtime rates, one and one-half times of the applicable federal minimum wages for hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

128.    Due to the Defendants' FLSA violations, Plaintiffs and Collective Action Members are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the overtime wages and as a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiffs and Collective Action Members are entitled to the equal amount of the unpaid overtime wages in the form of the liquidated damages pursuant to the FLSA, plus the prejudgment interest thereon, all in an amount to be determined at trial.

129.    Plaintiffs and Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 4

### [Claim for Overtime Wages under the New York Labor Law]

130.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

131.    Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

132.     It is unlawful under New York Labor Law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

133.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and one-half times of their regular rate of pay or, at a minimum, the minimum wage to which Plaintiff were entitled to receive under New York Labor Law § 652, in violation of 12 N.Y.C.R.R. § 137-1.3.

134.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the amount of any such underpayments of the overtime wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

135.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 5

### [Illegal Pay Deductions and Deductions from Gratuities, New York Labor Law §§ 196-d and 198-b]

136.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

137.     Defendants retained portions of the Plaintiffs' tips and distributed them to non-tipped employees.

138.     Defendants retained portions of the Plaintiffs' tips to cover their operations' costs.

139.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, all these portions of the illegal pay deductions and deductions from gratuities, the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

140.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 6

**[New York Spread of Hours Provisions, New York Labor Law §§ 650 *et seq.,*
and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7]**

141.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

142.    Plaintiffs regularly worked more than 10 hours in a workday.

143.    Defendants willfully failed and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York Labor Law.

144.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid "Spread of Hours" wages and as a direct and proximate result of the Defendants' willful disregard of the New York Labor Law, Plaintiffs are entitled to the liquidated damages and civil penalties pursuant to New York Labor Law § 663(1), and the New York State Wage Theft Prevention Act, plus the prejudgment interest thereon, all in an amount to be determined at trial.

145.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 7

### [Pay Notices and Wage Statements under NYLL §§ 195(1) & (3) and §§ 198 (1-b) & (1-d)]

146.     Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

147.     Plaintiffs have never received either (a) written notice when they were hired, or thereafter, specifying their rate of pay, their regular pay day and their overtime rate of pay or (b) a wage statement when they were paid.

148.     Defendants failed to provide Plaintiffs in writing in English and in the language identified by each plaintiff as the primary language of such plaintiff at the time of hiring, and on or before February first of each subsequent year of the plaintiff's employment with the Defendants, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, *if any,* claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

149.     Since April 9, 2011, Defendants failed to furnish each plaintiff with a statement with every payment of wages, listing rates of pay and basis thereof, gross wages, deductions,

allowances, net wages if any claimed as part of minimum wage, the regular hourly rate of pay if for employees entitled to overtime pay, the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked in violation of Section 195(3) of the NYLL and the Wage Theft Prevention Act, amended and codified in L.2010, ch. 564 § 3.

150.    As a result of the Defendants' two forms of violation of New York Labor Law §§ 195(1) & (3) and §§ 198 (1-b) & (1-d), Plaintiffs are entitled to recover from Defendants, jointly and severally, the liquidated damages begin to accrue as of April 9, 2011 as defined in Section 198, which would amount to $150.00 ($50.00 for the failure to provide a weekly pay and $100.00 for the failure to provide the notice of pay at the time of hire or thereafter) for each week in which each form of violation occurred or continued, up to a combined total of $5,000.00 per employee, plus the prejudgment interest thereon, all in an amount to be determined at trial.

151.    Effective February 27, 2015, the above stated weekly damage awards of $50.00 per week and $100.00 per week have been amended to daily awards of $50.00 per day and $250.00 per day, with respective ceilings of $5,000.00 each, for a total maximum of $10,000.00. See L.2014 ch. 537, § 2.

152.    Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to New York Labor Law § 663(1), *et al.,* and § 198, all in an amount to be determined at trial.

## COUNT 8

**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Bicycles/electric Bicycles, including but not limited to Depreciation, Insurance, Maintenance and Repairs]**

153.    Plaintiffs reallege and incorporate by reference all allegations and statements in all preceding paragraphs as if they were fully set forth herein.

154.    At all relevant times, Defendants never provided Plaintiffs bicycles/electric bicycles or any other trade tools that were in working condition for Plaintiffs to use to deliver food to the Defendants' restaurant customers on behalf of the Defendants and for the Defendants' benefit.

155.    At all relevant times, Defendants required Plaintiffs to use bicycles / electric bicycles or any other trade tools to make delivery of foods to the Defendants' restaurant customers on behalf of the Defendants and for the Defendants' benefit.

156.    Plaintiffs had to purchase, maintain, repair and keep their bicycles / electric bicycles or any other trade tools in working conditions in order to make fast delivery of foods to the Defendants' restaurant customers on behalf of the Defendants and for the Defendants' benefit.

157.    Plaintiffs can document actual "out-of-pocket" costs and expenses in connection with the purchasing, maintaining, repairing and keeping their bicycles / electric bicycles or any other trade tools in working conditions for the Defendants' benefit.

158.    As a result of the afore-alleged conduct of the parties, an implied contract arose between Plaintiffs and Defendants, the term of which are that Plaintiffs would incur the costs and expenses to purchase, maintain, repair and keep their bicycles / electric bicycles or any other trade tools in working conditions in the course of completing their required duties for Defendants

in order to be employed by Defendants as a delivery person for the sole benefit of the Defendants. .

159. Defendants had never compensated Plaintiffs for the "out-of-pocket" costs and expenses to purchase, maintain, repair and keep their bicycles / electric bicycles or any other trade tools in working conditions.

160. As the result of the Defendants' conduct, Defendants had breached the implied contract so that Plaintiffs are entitled to the reimbursement for such "out-of-pocket" costs and expenses.

161. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs, all in an amount to be determined at trial.

## TOLLING OF STATUTE OF LIMITATIONS

162. On the ground of equitable tolling, the statutes of limitations for minimum wage and overtime claims asserted by plaintiff Feng CHEN should be tolled until they first became sufficiently aware of their rights to receive minimum wage and overtime under the Fair Labor Standards Act in the beginning of February, 2016.

163. On the ground of equitable tolling, the statutes of limitations of minimum wage and overtime claims asserted by Plaintiffs and Collective Action Members shall be tolled to cover the Plaintiffs and Collective Action Members' entire employment periods when they were employed by Defendants due to the Defendants' willful and intentional violations of the FLSA and NYLL as well as the Defendants' failure to provide the FLSA and the NYLL mandatory notices to Plaintiffs and Collective Action Members and the Defendants' deceitful actions to prevent Plaintiffs and Collective Action Members from knowing their rights afforded to them by the FLSA and the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and Collective Action Members respectfully pray for relief as follows:

(a)     Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt tipped or non-tipped employees.  Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

(b)     Certifying this case as a collective action pursuant to the FLSA;

(c)     Issuing a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them assert timely the FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C.  216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

(d)     Granting a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

(e)     Imposing the successor liability upon defendants Kunj Patel, and East Wingers Inc. d/b/a Best Wingers;

(f)     Under the Count 1, awarding the amount of any such underpayments of the minimum wages and the equal amount of such underpayments of the minimum wages in the form of the liquidated damages pursuant to the FLSA;

(g)     Under the <u>Count 2</u>, awarding the amount of any such underpayments of the minimum wages and the liquidated damages and civil penalties pursuant to the NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(h)     Under the <u>Count 3</u>, awarding the amount of any such underpayments of the overtime wages and the equal amount of such underpayments of the overtime wages in the form of the liquidated damages pursuant to the FLSA;

(i)     Under the <u>Count 4</u>, awarding the amount of any such underpayments of the overtime wages and the liquidated damages and civil penalties pursuant to the NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(j)     Under the <u>Count 5</u>, awarding the amount of any such portions of the illegal pay deductions and deductions from gratuities and the liquidated damages and civil penalties pursuant to NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(k)     Under the <u>Count 6</u>, awarding the amount of any such underpayments of the "Spread of Hours" wages and the liquidated damages and civil penalties pursuant to NYLL § 663(1), and the New York Wage Theft Prevention Act, plus the prejudgment interest thereon;

(l)     Under the <u>Count 7</u>, awarding the amount of the liquidated damages begin to accrue as of April 9, 2011 that would amount to $150.00 ($50.00 for the failure to provide a weekly pay stub and $100.00 for the failure to provide the notice of pay at the time of hire or thereafter) for each week in which each form of violation

occurred or continued, up to a combined total of $5,000.00 per plaintiff, or effective February 27, 2015, that would amount to $300.00 per day (daily awards of $50.00 per day for the failure to provide a pay stub and $250.00 per day for the failure to provide the notice of pay at the time of hire or thereafter), with respective ceilings of $5,000.00 each, for a total maximum of $10,000.00, plus the prejudgment interest thereon;

(m)    Under the <u>Count 8</u>, awarding the amount of the "out-of-pocket" costs and expenses in connection with the Plaintiffs' purchasing, maintaining, repairing and keeping their bicycles / electric bicycles or any other trade tools in working conditions for the sole benefit of the Defendants;

(n)    Awarding equitably tolling the statute of limitation period;

(o)    Awarding prejudgment and post-judgment interest;

(p)    Awarding costs, disbursements, and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198, 663;

(q)    Automatically increasing the total amount of judgment by fifteen percent, as required by the NYLL § 198(4) in the event that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and non appeal is then pending, whichever is later; and

(r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and Collective

Action Members demands trial by Jury on all issues.

Dated: Flushing, New York
       August 11, 2016

                          Respectfully submitted,

                          **LAW OFFICES OF DAVID YAN**

                  By:    _/s/ David Yan/_____
                          David Yan (DY2343)
                          Law Offices of David Yan
                          136-20 38th Avenue, Suite 11E
                          Flushing, New York 11354
                          Tel:  (718) 888-7788

                          *Attorney for Plaintiffs*