**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**FENG CHEN, DONG CHEN, CHENG LI,**
**and CHANGXING LI, individually and on**
**behalf of all others similarly situated,**

                **Plaintiffs,**                  CASE NO.: 1:16-cv-01130-AT-RLE
       v.

**KUNJ PATEL, AMGAD ELHOSSIENI,**
**EAST WINGERS INC. d/b/a BEST WINGERS,**
**BEST WINGERS LLC. d/b/a BEST WINGERS,**
**B. WINGERS, INC. d/b/a BEST WINGERS,**

                **Defendants.**
-----------------------------------------------------------x

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, KUNJ PATEL and EAST WINGERS INC. d/b/a BEST WINGERS ("Answering Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure, hereby file their Answer and Affirmative Defenses to the Plaintiffs' Complaint, and states as follows:

1. Denied.

2. Denied.

3. This paragraph, alleging Plaintiffs' intention, does not call for a response.

4. This paragraph, alleging Plaintiffs' intention, does not call for a response.

5. Denied to the extent this seeks an admission relative to any element that Plaintiff must establish to prevail on its allegations, all of which are denied.

6. Denied to the extent this seeks an admission relative to any element that Plaintiff must establish to prevail on its allegations, all of which are denied.

7. Admit as to venue. Otherwise denied.

8. Legal conclusion not requiring admission or denied. To the extent that this allegation must be admitted or denied, it is denied.

9. This paragraph cannot be succinctly admitted or denied inasmuch as it comingles unrelated defendants and entities, not all of whom are represented by the same counsel. Answering Defendants cannot admit or deny facts not pertaining to them; on that basis, denied.

10. Denied.

11. Deny knowledge or information sufficient to answer the allegations in this paragraph.

12. Deny knowledge or information sufficient to answer the allegations in this paragraph.

13. Deny knowledge or information sufficient to answer the allegations in this paragraph.

14. Deny knowledge or information sufficient to answer the allegations in this paragraph.

15. Admit that Defendant Patel owns East Wingers Inc. All other allegations are denied.

16. Admit that Defendant Patel owns East Wingers Inc. All other allegations are denied.

17. Deny knowledge or information sufficient to answer the allegations in this paragraph.

18. Deny knowledge or information sufficient to answer the allegations in this paragraph.

19. Admitted.

20. Deny knowledge or information sufficient to answer the allegations in this paragraph.

21. Deny knowledge or information sufficient to answer the allegations in this paragraph.

22. Admitted.

23. Unknown as to whether B. Wingers, Inc. was "wholly owned" by Mr. Elhosseini; therefore denied.

24. Deny knowledge or information sufficient to answer the allegations in this paragraph.

25. Deny knowledge or information sufficient to answer the allegations in this paragraph.

26. Denied.

27. Unknown as to whether B. Wingers, Inc. was "wholly owned" by Mr. Elhosseini. Also unknown as to whether the prior owner had different delivery persons, or other different equipment, menus, etc., prior to sale of the restaurant. Therefore denied.

28. The content of Best Wingers' website speaks for itself; however, denied that Answering Defendants have owned or operated the restaurant since 1995 or sold millions of wings.

29. Denied.

30. Denied.

31. This paragraph cannot be succinctly admitted or denied inasmuch as it comingles unrelated defendants and entities, not all of whom are represented by the same counsel. Answering Defendants cannot admit or deny facts not pertaining to them; on that basis, denied.

32. Denied.

33. Denied.

34. Denied.

35. This paragraph, alleging Plaintiffs' intention, does not call for a response.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Deny knowledge or information sufficient to answer allegations as to Plaintiffs' knowledge.

41. Denied.

42. Admitted.

43. Deny knowledge or information sufficient to answer allegations in this paragraph.

44. Admitted.

45. Calls for a legal conclusion; therefore denied.

46. Denied.

47. Denied.

48. Denied.

49. Answering Defendants have no knowledge of Plaintiffs as identified in this lawsuit; moreover, this calls for a legal conclusion, therefore denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55.  Denied.

56. Denied.

57. Denied.

58. Deny knowledge or information sufficient to answer allegations of Plaintiffs' information or beliefs.

59. Denied.

60. Denied.

61. This is a statement of law, not requiring admission or denial.

62. Denied.

63. Admitted that all employees were paid amounts exceeding all legal requirements. Denied that Defendants in any manner paid any employees any amounts that did not comply with federal or state law.

64. Unknown as to the specific identities of "collective class action members;" as such, denied.

65. Denied.

66. Unknown as to the specific identities of "collective class action members;" as such, denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. This paragraph calls for a legal conclusion, therefore denied.

72. Denied.

73. Denied.

74. This is a statement of law, not requiring an admission or denial.

75. Unknown as to the specific identities of "collective class action members;" as such, denied. In any event, denied.

76. Denied.

77. This is a statement of law, not requiring admission or denial.

78. Denied.

79. Denied

80. Deny knowledge or information sufficient to answer the allegations in this paragraph.

81. Deny knowledge or information sufficient to answer the allegations in this paragraph

82. Deny knowledge or information sufficient to answer the allegations in this paragraph

83. Admitted that Defendants did not pay Plaintiffs for their bicycles. Otherwise denied.

84. This is a statement of law, not requiring admission or denial.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Defendants re-aver their answers to Paragraphs 1 through 91 above as though fully set forth herein.

93. Deny knowledge or information sufficient to answer the allegations in this paragraph.

94. Deny knowledge or information sufficient to answer the allegations in this paragraph.

95. Deny knowledge or information sufficient to answer the allegations in this paragraph.

96. Admitted.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Deny knowledge or information sufficient to answer allegations in this paragraph as to Plaintiffs' intent.

106. Denied.

107. Denied.

108. Defendants re-aver their answers to Paragraphs 1 through 91 above as though fully set forth herein.

109. Deny knowledge or information sufficient to answer allegations in this paragraph.

110. Deny knowledge or information sufficient to answer allegations in this paragraph.

111. Deny knowledge or information sufficient to answer allegations in this paragraph.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Defendants re-aver their answers to Paragraphs 1 through 122 above as though fully set forth herein.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Defendants re-aver their answers to Paragraphs 1 through 129 above as though fully set forth herein.

131. Denied.

132. This is a statement of law, not requiring admission or denial.

133. Denied.

134. Denied.

135. Denied.

136. Defendants re-aver their answers to Paragraphs 1 through 135 above as though fully set forth herein.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Defendants re-aver their answers to Paragraphs 1 through 140 above as though fully set forth herein.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Defendants re-aver their answers to Paragraphs 1 through 145 above as though fully set forth herein.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. This is a statement of law, not requiring admission or denial.

152. Denied.

153. Defendants re-aver their answers to Paragraphs 1 through 152 above as though fully set forth herein.

154. Admitted that delivery people generally have their own bicycles. Otherwise denied.

155. Denied.

156. Denied.

157. This statement does not call for an admission or denial. Unknown what documentation Plaintiffs possess.

158. Denied.

159. Denied as to the Answering Defendants inasmuch as all delivery people working at the time these defendants purchased to business already had their bicycles.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

## **AFFIRMATIVE DEFENSES**

As and for their affirmative defenses, Answering Defendants state:

1. Answering Defendants had a reasonable, good faith belief that they were not violating the

FLSA and/or New York Labor Law, and are therefore not liable for liquidated damages.

2. Plaintiffs' claims are barred because Answering Defendants acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Dept. of Labor.

3. Plaintiffs' claims are barred to the extent that any hours worked by the Plaintiffs over forty-eight hours in any particular workweek was without knowledge, either actual or constructive of the Answering Defendants.

4. To the extent Plaintiffs obtains any recovery based on any FLSA claim, Plaintiffs' claims for attorney's fees and costs are barred based on the authority of <u>Goss Killian v. Oaks House of Learning</u>, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

5. Plaintiffs' claims for damages, if any, are barred because Answering Defendants at all times acted in good faith and had reasonable grounds for believing that all policies and practices were not violations of the FLSA and/or New York Labor Law.

6. The claims asserted by Plaintiffs are barred by the doctrines of estoppel and/or estoppel by silence to the extent that Plaintiffs actually worked hours in excess of those which are known to Answering Defendants, inasmuch as Answering Defendants are unaware of Plaintiffs having worked any amount of hours even approaching the number alleged in the Complaint.

7. Answering Defendants are entitled to a set off for any money received by Plaintiffs by virtue of any collateral source benefits, including but not limited to any monies received by Plaintiffs from Worker's Compensation, insurer or agency that provided unemployment compensation benefits covering the applicable time periods raised by Plaintiffs' Complaint.

8. Plaintiffs' claims are barred in whole or in part in that Plaintiffs failed to mitigate his damages, if any.

9. Plaintiffs' claims are barred in whole or in part because Answering Defendants properly paid Plaintiffs all bona fide wages earned for work performed, and therefore was not in violation of the FLSA.

10. Plaintiffs' claims, in whole or in part, are barred by applicable statutes of limitations.

11. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery. This or other statutory affirmative defenses may apply to the claim of some or all of the class of allegedly similarly-situated persons.

12. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## **RESERVATION OF RIGHTS**

Answering Defendants hereby reserve the right to add or amend their Affirmative Defenses as and if necessary during the course of discovery in this case.

WHEREFORE, for the foregoing reasons, Answering Defendants, KUNJ PATEL and EAST WINGERS INC. d/b/a BEST WINGERS, respectfully request that this Court dismiss Plaintiffs' Complaint, and grant Answering Defendants all such other and further relief as this Court deems just and proper including but not limited to an award of all of Answering Defendants' reasonable attorney's fees and costs incurred in defending this action, and all such other relief as is deemed just and equitable under the circumstances.

Respectfully Submitted,

Law Offices of Nolan Klein, P.A.
*Attorneys for Answering Defendants*
KUNJ PATEL and EAST WINGERS INC.
d/b/a BEST WINGERS
347 West 36th Street, Suite 805
New York, NY 10018
PH:    (646) 560-3230
FAX:   (877) 253-1691

By:  */s/ Valerie K. Ferrier*
     Valerie K. Ferrier, Esq.
     VF0209
     ferrier@nklegal.com
     amy@nklegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **10th** day of **October**, 2016.

By:   */s/ Valerie K. Ferrier*
      Valerie K. Ferrier, Esq.
      VF0209

## SERVICE LIST:

**DAVID YAN, ESQ.**
(DY2343)
Law Offices of David Yan
136-20 38th Avenue, Ste. 11E
Flushing, NY 11354
PH:    (718) 888-7788
*Attorneys for Plaintiffss*