USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/31/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FENG CHEN, DONG CHEN, CHENG LI, and
CHANGXING LI, individually and on behalf of all others
similarly situated,

                Plaintiffs,

-against-

KUNJ PATEL, AMGAD ELHOSSEINI, EAST
WINGERS INC. d/b/a BEST WINGERS, BEST
WINGERS LLC d/b/a BEST WINGERS, B. WINGERS,
INC. d/b/a BEST WINGERS,

                Defendants.

16 Civ. 1130 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiffs, Feng Chen, Dong Chen, Cheng Li, and Changxing Li, brought this action against their former employers Defendants, Kunj Patel and East Wingers Inc. d/b/a Best Wingers (individually "East Wingers"), and Defaulting Defendants, Amgad Elhossieni, Best Wingers LLC d/b/a/ Best Wingers, and B. Wingers, Inc., d/b/a Best Wingers, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") §§ 190 and 650 *et seq.* Compl., ECF No. 27. After a bench trial, the Court entered judgment in Plaintiffs' favor on some of their claims. ECF No. 172. Plaintiffs now move for an award of attorney's fees in the amount of $86,732, and costs in the amount of $2,870.88. ECF No. 174; Pl. Mem., ECF No. 175. For the reasons that follow, Plaintiffs' motion is GRANTED in part and DENIED in part, and Plaintiffs are awarded $27,250 in attorney's fees and $2,738.38 in litigation expenses.

**BACKGROUND**

On September 18 and 19 and November 6, 2018, the Court held a bench trial on Plaintiffs' FLSA and NYLL claims. *See* 9/18/2018 ECF Entry; ECF Nos. 141, 150. At trial, Plaintiffs called Feng Chen, Dong Chen, Cheng Li, Changxing Li and Kunj Patel as witnesses. Plaintiffs' testimony was received live as well as in the form of sworn declarations. Plaintiffs, who do not speak English, each testified with the assistance of an interpreter. Patel testified live.

On July 2, 2019, the Court entered judgment in favor of Plaintiffs on some of their claims, and in favor of Defendants on others. ECF No. 172; *Chen v. Patel*, No. 16 Civ. 1130, 2019 WL 2763836 (S.D.N.Y. July 2, 2019). Plaintiffs brought causes of action for nonpayment of minimum wage, nonpayment of overtime, spread-of-hours premiums, the cost of electronic bicycles Plaintiffs were required to purchase and maintain, liquidated damages, and statutory damages. Pl. Post-Trial Mem. at 39, ECF No. 165. They sought $227,134.77 in damages for Fong Chen, $118,519.00 in damages for Dong Chen, $41,588.21 for Cheng Li, and $34,074.64 for Changxing Li—for a total of $421,316.62. *Id.* at 40. The Court held that Plaintiffs had not established that Defendants were liable as the successors to Defaulting Defendants, and accordingly limited Plaintiffs recovery to claims arising between "July 31, 2015, the date Defendants purchased the Restaurant, until January 20, 2016, the date Plaintiffs stopped working at the [r]estaurant." *Chen*, 2019 WL 2763836, at *5. In addition, the Court dismissed Plaintiffs' claims against Defaulting Defendants under Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at *14–15. The Court also held that Plaintiffs had failed to establish their claim for misappropriation of gratuities. *Id.* at *12–13. On the remaining claims, the Court entered judgment in Plaintiffs' favor as follows:

- Feng Chen: $13,086.08 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on October 25, 2015; $13,086.08 in

liquidated damages; $400 under the FLSA for unpaid tools of the trade; $5,000 for Defendants' violation of NYLL § 195(1); and $5,000 for Defendants' violation of NYLL § 195(3);

• Cheng Li: $11,037.60 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on October 25, 2015; $11,037.60 in liquidated damages; $600 under the FLSA for unpaid tools of the trade; $5,000 for Defendants' violation of NYLL § 195(1); and $5,000 for Defendants' violation of NYLL § 195(3);

• Dong Chen: $13,086.08 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on October 25, 2015; $13,086.08 in liquidated damages; $400 under the FLSA for unpaid tools of the trade; $5,000 for Defendants' violation of NYLL § 195(1); and $5,000 for Defendants' violation of NYLL § 195(3); and

• Changxing Li: $11,985.22 in unpaid wages under the NYLL, with 9% prejudgment interest beginning to accrue on November 6, 2015; $11,985.22 in liquidated damages; $600 under the FLSA for unpaid tools of the trade; $5,000 for Defendants' violation of NYLL § 195(1); and $5,000 for Defendants' violation of NYLL § 195(3).

*Id.* at *15–16. In sum, the Court entered judgment against Defendants in the amount of $140,389.96, plus prejudgment interest. *Id.* at *16.

## DISCUSSION

I. Legal Standard

"Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (citing 29 U.S.C. § 216(b) and NYLL § 663(1)). "[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (internal quotation marks and citation omitted). "In the Second Circuit, attorney['s] fees awards are [] calculated based on the 'presumptively reasonable fee' approach." *McGlone v. Contract Callers Inc.*, 146 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (citation omitted). "The fee applicant bears the burden of establishing entitlement to an award

3

and documenting the appropriate hours expended and hourly rates." *Dancy v. McGinley*, 141 F. Supp. 3d 231, 235 (S.D.N.Y 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (alteration omitted).

A court's calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). In calculating that rate, the court must "bear in mind *all* of the case-specific variables . . . relevant to the reasonableness of attorney's fees." *Id.* These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3; *see id.* at 191. There is a presumption that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally," and so in ordinary circumstances courts may rely on typical fees within the district as a measure of reasonableness. *Id.* at 191.

In determining the number of hours reasonably expended, courts must consider both "contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done," *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2011) (internal quotation marks, citation, and alterations omitted), as well as "its own

familiarity with the case and its experience generally as well as . . . the evidentiary submissions and arguments of the parties," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992) (internal quotation marks and citation omitted). Courts may reduce the fee award requested in some circumstances, such as when plaintiffs submit deficient or incomplete billing records, *see Hensley*, 461 U.S. at 437 n.12, or in order to exclude "excessive, redundant, or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Once the lodestar is calculated, it may be adjusted only on "when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotation marks and citation omitted). The Second Circuit has instructed, however, that "such adjustments are appropriate only in rare circumstances," and "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself," but rather "only by factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation." *Id.* (internal quotation marks and citation omitted).

II.   Reasonable Hourly Rate

Plaintiffs request an hourly billing rate of $400 for their principal trial counsel, David Yan. Pl. Mem. at 4. Mr. Yan has practiced law since 2002, and has worked on wage-and-hour cases for approximately eight years. *Id.* at 6. Defendants argue that his rate should be set lower, because of the simplicity of the case, Mr. Yan's relative lack of experience, and the low quality of the representation provided. Def. Opp. at 11–13, ECF No. 177. The Court agrees.

"Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450." *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012). For lawyers who, like Mr. Yan, have

roughly 10 years of employment litigation experience, hourly rates have generally been set at $350. *See, e.g.*, *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017); *Ortega v. JR Primos 2 Rest. Corp.*, No. 15 Civ. 9183, 2017 WL 2634172, at *7 (S.D.N.Y. June 16, 2017); *Qiu Hua Tan v. Voyage Express Inc.*, No. 15 Civ. 6202, 2017 WL 2334969, at *9 (E.D.N.Y. May 25, 2017). Indeed, in a recent opinion a court in this district set Mr. Yan's rate at $350 per hour based on his level of experience. *See Changxing Li v. Kai Xiang Dong*, No. 15 Civ. 7554, 2017 WL 1194733, at *3 (S.D.N.Y. Mar. 31, 2017). Like those matters, this case was relatively straightforward, and would not warrant an unusually high rate.

However, the Court must also take into account the uncommonly poor quality of representation provided by Mr. Yan over the course of this litigation. At trial, he demonstrated no understanding of the Federal Rules of Evidence or the Federal Rules of Civil Procedure. As a result, he failed to introduce documents or elicit testimony from Patel involving a wide variety of information essential to Plaintiffs' claims, including the defendant's role in the business and his understanding of violations that predated his taking over the restaurant. *See generally* Sept. 19, 2018 Tr. Transcript at 142–254, ECF No. 146. Mr. Yan also did not exhibit comprehension of the substantive elements he needed to prove, or of the basic components of corporate and contract law; he repeatedly sought to relitigate discovery disputes at trial and to introduce entirely irrelevant evidence. *See, e.g.*, *id.* at 212:18–216:3; 225:1–226:7; 233:16–236:9. These failures had a significant impact on Plaintiffs' ability to establish successor liability, which substantially limited their recovery. *See Chen*, 2019 WL 2763836, at *5. In post-trial briefing, he flatly ignored the Court's orders as to the content and form of submissions required. *See* ECF No. 164. And at trial, his conduct and demeanor were nothing short of unprofessional: he was

6

belligerent, apparently unprepared, and habitually late to proceedings. Mr. Yan's performance can justify, *at most*, a rate at the bottom of the ordinary range in this district.

Accordingly, Mr. Yan's hourly rate is set at $250.

III.     Reasonable Hours Worked

Plaintiffs request that Mr. Yan be credited for 216.98 hours of work on this case. Pl. Mem. at 3. Mr. Yan has submitted a declaration detailing the hours he worked. Yan Decl., ECF No. 176; *see also* Timesheet, ECF No. 176-1. Defendants argue that the number of hours credited should be substantially reduced, because the number of hours Mr. Yan purports to have worked is unreasonably high for the tasks accomplished. Def. Opp. at 12–14. Defendants also argue that Plaintiffs should not be permitted to recover for hours expended on claims that were not successful. *Id.* at 10, 14–15.

Having reviewed Mr. Yan's billing records, the Court cannot conclude that the hours devoted to any given task were "excessive, redundant or otherwise unnecessary hours," *Quaratino*, 166 F.3d at 425. Defendants' argument that defense counsel billed substantially fewer hours than Plaintiffs' counsel is unavailing. Def. Opp. at 14. The parties' respective attorneys entered the case at different stages and engaged in different tasks. In any event, different lawyers approach litigation tasks differently, and the question before the Court is only whether the time spent by Mr. Yan was within a reasonable range. The Court is not persuaded that almost 217 hours over the life of this three-year litigation is unreasonable.

The reasonable number of hours is affected, however, by the result Plaintiffs' counsel obtained. "In fixing the lodestar the court may exclude any hours spent on severable unsuccessful claims." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004). "But where . . . the plaintiff's claims involve a common core of facts or are based on related legal theories, and are

7

therefore not severable, attorney's fees may be awarded for unsuccessful claims as well as successful ones." *Id.* (internal quotation marks, citation, and alterations omitted). Defendants argue that Plaintiffs' fee award should be reduced to account for the fact that they did not prevail on their claim for misappropriation of gratuities. Def. Opp. at 14–15; *see Chen*, 2019 WL 2763836, at *12–13. In addition, Plaintiffs failed to establish successor liability against Defendants, *Chen*, 2019 WL 2763836, at *5, and did not maintain their claim against Defaulting Defendants, *id.* at *14–15. As a result, Plaintiffs were collectively awarded damages in the amount $140,389.96 plus interest, rather than the $421,316.62 they sought. The Court noted in entering judgment that "Plaintiffs' recovery is far smaller than they requested." *Id.* at *14.

Plaintiffs' failure to establish successor liability and their gratuity claims justifies a reduction in the hours for which fees should be awarded. Those claims are distinct from the claims on which Plaintiffs prevailed. But Mr. Yan's billing records do not reflect distinct entries for time spent on the successful claims and the unsuccessful claims. *See generally* Timesheet. Rather than excluding particular hours from the calculation of the fee award, the Court is permitted to reduce the hours credited by a fixed percentage. *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 153 (2d Cir. 2008). Consequently, the Court will reduce the hours included in the fee award calculation by 50%.

Accordingly, Mr. Yan will be credited with 109 hours of work.[1]

IV. <u>Calculation of Fees</u>

Because the reasonable rate for Mr. Yan's work is $250 per hour, and the reasonable hours expended total 109, the lodestar amount is $27,250.

---

[1] 109 hours is, of course, slightly more than half of the 216.98 hours that Plaintiffs seek credit for. In calculating fees, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Applying its "overall sense of [the] suit," *id.*, the Court has exercised its discretion to round up by a few tenths of an hour—for the sake of both simpler math and substantial justice.

8

Defendants argue that the lodestar amount should be further reduced for two reasons: first, because Plaintiffs did not prevail on several of their claims, Def. Opp. at 10–11; and second, because the fees indicated by the lodestar are unreasonable as a proportion of Plaintiffs' recovery, Def. Opp. at 15–16. The former issue, however, was fully taken into consideration in calculating the lodestar, and thus cannot be used to reduce the lodestar amount. *See Millea*, 658 F.3d at 167. And the Court's reduction in both Plaintiffs' requested hourly rate and requested billable hours resolves the second issue. Defendants complained that Plaintiffs' fee request amounted to more than 50% of their damages. Def. Opp. at 15–16. After the Court's adjustments, however, it is less than 20%.

Accordingly, Plaintiffs are awarded $27,250 in attorney's fees.

V. <u>Costs</u>

Plaintiffs also seek $2,870.88 in litigation expenses. Pl. Mem. at 7. "An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (internal quotation marks, citation, and alterations omitted). Plaintiffs' request comprises $400 in court costs, $70 in process server charges, $952.40 in deposition transcription costs, $490.98 in trial transcript costs, $825 in interpreter fees, $7.50 for postage, and $125 in printer costs. Pl. Mem. at 7–8; Timesheet at 8. Plaintiffs have provided adequate documentation of the court costs, Yan Decl. Ex. B at 1, ECF No. 176-2; the process server charges, *id.* at 3; the deposition costs, *id.* at 4; the trial transcripts, *id.* at 5–6; and the interpreter fees, *id.* at 7–8. Plaintiffs have not provided any documentation, however, of postage or printing costs. Courts in this district "repeatedly [have] refused to award costs absent supporting documentation." *Sevilla v. Nekasa Inc.*, No. 16 Civ. 2368, 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) (collecting cases).

Accordingly, Plaintiffs are awarded $2,738.38 in litigation expenses.

## CONCLUSION

Plaintiffs' motion for attorney's fees is GRANTED in part and DENIED in part. Plaintiff are awarded $27,250 in attorney's fees and $2,738.38 in litigation expenses, for a total award of $29,988.38.

The Clerk of Court is directed to terminate the motion at ECF No. 174.

SO ORDERED.

Dated: March 31, 2020
       New York, New York

                                    ANALISA TORRES
                                  United States District Judge